# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| KEITH C. JONES, Register No. 151549, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-4031-CV-C-SOW |
| | ) | |
| STEVE LONG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Keith C. Jones, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Named as defendants are numerous personnel of the Missouri Department of Corrections.

Plaintiff has filed a complaint and what is titled an amended complaint. The amended complaint is clearly supplementing plaintiff's original complaint and will be treated accordingly.

Plaintiff's complaint and supplement allege that Mo. Rev. Stat. § 558.026 violates his constitutional rights because it lengthens his duration of confinement. Plaintiff seeks an order from the court that he be released from confinement because he has served his time. Plaintiff alleges he has not been released, despite serving every day of his 15-year sentence, and his 3-year consecutive sentence. Plaintiff alleges that defendants are misapplying state law, causing him to spend more time in prison.

Plaintiff was granted provisional leave to proceed in forma pauperis without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's claims should be dismissed because judgment in favor of plaintiff would "necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994); Simmons v. O'Brien, 77 F.3d 1093 (8th Cir. 1996). When a prisoner seeks damages for an illegal conviction, imprisonment, or other act that would "necessarily" render his conviction or sentence invalid, the prisoner must first prove the conviction or sentence has been invalidated through appropriate channels. Heck, 512 U.S. at 486-87. Plaintiff's first cause of action is not ripe until his underlying conviction or sentence has been set aside.

Likewise, where a state prisoner seeks damages and declaratory relief in an action challenging the validity of procedures used to deprive him of good-time credits or which otherwise affect his out-date, and the challenge to the procedures necessarily implies that the punishment imposed was invalid (i.e., necessarily implies that the denial of good-time credits was invalid), the claim is not cognizable under 42 U.S.C. § 1983. Edwards v. Balisok, 520 U.S. 641, 646 (1997).

To challenge his state conviction or sentence in federal court, plaintiff must petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 501 (1973). Before seeking federal habeas relief, plaintiff must exhaust all adequate and available state court remedies. 28 U.S.C. § 2254(b)(c); Rose v. Lundy, 455 U.S. 509, 520 (1982); Powell v. Wyrick, 657 F.2d 222 (8th Cir. 1981). The state courts must have an opportunity to review the merits of plaintiff's contentions and must be given primary responsibility in their own criminal cases. Fay v. Noia, 372 U.S. 391 (1963); Tyler v. Swenson, 527 F.2d 877 (8th Cir. 1976).

Plaintiff's claims should be dismissed, without prejudice. Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995). If plaintiff is able to invalidate his conviction or sentence, he may refile his section 1983 claims at that time.

Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

2

In light of the recommendation of this court to dismiss plaintiff's claims, without prejudice, plaintiff's motions to continue and to appoint counsel are denied, without prejudice.

IT IS, THEREFORE, ORDERED that plaintiff's motions to continue and for appointment of counsel are denied, without prejudice. [7, 8]  It is further

RECOMMENDED that plaintiff's claims be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 9th day of July, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge